IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: VILLAGE ROADSHOW ENTERTAINMENT GROUP USA, INC., *et al.*,<br><br>Debtors. | :<br>:<br>:   Bankr. Case No. 25-10475 (TMH)<br>:<br>: |
| ———————————————— | :<br>: |
| THE G.O.A.T. MEDIA, LLC,<br><br>Appellant,<br><br>v.<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA, INC., *et al.*,<br><br>Appellees. | :<br>:<br>:<br>:<br>:   Civ. No. 26-124-CFC<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| ———————————————— | : |

**MEMORANDUM**

## I.    INTRODUCTION

Before the Court is the "Motion to Substitute Appellant (Real Party in Interest)" (D.I. 8) (the "Motion to Substitute"). For the reasons set forth below, the Motion to Substitute will be denied, and the appeal will be dismissed.

## II.    BACKGROUND

On February 2, 2026, John T. Pautsch, a principal of THE G.O.A.T. MEDIA, LLC ("Appellant"), filed a Notice of Appeal (D.I. 1) on behalf of Appellant with

respect to the Bankruptcy Court's January 30, 2026 Order disallowing Appellant's proofs of claim (Bankr. D.I. 1326) (the "Claims Disallowance Order").

On February 9, 2026, the Clerk of the Court issued a letter (D.I. 4) advising that (i) Appellant, as an artificial entity, may only appear in federal court through licensed counsel, and (ii) pursuant to Rule 83.5 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, it is required that all parties associate themselves with Delaware counsel. The February 9 letter further directed Appellant to obtain counsel and have Delaware counsel enter an appearance on or before March 9, 2026. (*Id.*)

On March 3, 2026, Mr. Pautsch, again on behalf of Appellant, filed a motion seeking a limited extension of the deadline to obtain counsel and have Delaware counsel enter a notice of appearance (D.I. 5) (the "Motion for Extension").

On March 4, 2026, the Court issued an order (D.I. 6) which granted the Motion for Extension, extended the deadline for Appellant to retain counsel and have Delaware counsel enter an appearance through April 8, 2026 (the "Extended Deadline"), and further provided, that "[n]o further extensions to retain counsel will be granted."

On March 31, 2026, Mr. Pautsch filed, in his individual capacity, a "Notice of Individual Appearance and Statement Regarding Standing." (D.I. 7.) Therein, Mr. Pautsch states that he is the "sole founder, manager, and economic stakeholder of

THE G.O.A.T. MEDIA, LLC" and that his "injuries are personal, concrete, and particularized and arise from the same transactions and conduct reflected in TGM's claim and the record on appeal, and are capable of redress through the relief sought in this appeal, including economic, professional, and opportunity-based harms resulting from the operative conduct at issue." (*Id.* at 1-2.)  The notice further advises the Court that Appellant "is actively engaged in efforts to retain Delaware-admitted counsel in compliance with the Court's Order." (*Id.* at 3.)

Appellant failed to comply with the Extended Deadline.  Instead, on April 9, 2026, Mr. Pautsch filed the Motion to Substitute on behalf of Appellant, which seeks to "substitute [Mr.] Pautsch as Appellant so this appeal proceeds in the name of the real party in interest" pursuant to Federal Rule of Civil Procedure 17(a)(3).  On April 23, 2026, appellees Village Roadshow Entertainment Group USA, Inc. and its debtor-affiliates (together, the "Debtors") filed their objection to the Motion to Substitute. (D.I. 11.)

## III.   JURISDICTION

"An order allowing or disallowing a claim is a final, appealable order." *In re Prosser*, 388 F. App'x 101, 102 n.1 (3d Cir. 2010) (quoting *Orsini Santos v. Mender,* 349 B.R. 762, 768 (1st Cir. BAP 2006)).  The Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a).

3

## IV.    ANALYSIS

The Motion to Substitute asserts that substitution of Mr. Pautsch for Appellant is appropriate here as the appeal "arises from rights, authorship, labor, and economic interests personal to John T. Pautsch," and the Claims Disallowance Order concerns "asserted damages aris[ing] from [Mr. Pautsch's] personal authorship, personal financial contributions and exposure, income foregone, and reliance on authority representations during execution of, and exclusion from, the under underlying materials and their market activity." (D.I. 8 at 1.)  According to the Motion to Substitute, the "initial designation of THE G.O.A.T. MEDIA, LLC reflected its operational role in the development and transmission of the materials, not ownership of the underlying rights." (*Id.* at 2.)  The Motion to Substitute cites no authority other than Federal Rule of Civil Procedure 17(a)(3).

Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).  Rule 17(a)(3), in turn, provides a limited procedural safeguard, prohibiting dismissal of an action for failure to prosecute in the name of the real party in interest until "a reasonable time has been allowed for the real party in interest to . . . be substituted into the action." Fed. R. Civ. P. 17(a)(3).  As the Debtors correctly point out, Rule 17(a)(3) is an anti-forfeiture provision designed "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."

4

Fed. R. Civ. P. 17(a) Advisory Committee's Note to 1966 Amendment; *see also Gardner v. State Farm Fire & Cas. Co.,* 544 F.3d 553, 562 (3d Cir. 2008) ("Thus, it should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice") (quoting 6A FED. PRAC. & PROC. § 1555 (3d ed. 2026)). Rule 17 permits substitution only where the change is "merely formal" and "in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 20 (2d Cir. 1997). It is not a vehicle for strategic party substitutions intended to evade federal court rules. *See generally In re Citadel Watford City Disposal Partners, L.P.,* 603 B.R. 897, 908 (Bankr. D. Del. 2019) (holding that Rule 17(a) "cannot be employed to circumvent the statute of limitations period" or to "cure standing when it is otherwise lacking").

It is well established that corporate entities must be represented by licensed attorneys in federal court and cannot appear *pro se* or through non-attorney representatives. *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *see also Simbraw, Inc. v. United States,* 367 F.2d 373, 373–74 (3d Cir. 1966). This principle applies with equal force to limited liability companies, "even those with only a single member, because even single-member LLCs have a legal identity separate from

their members." *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012); *see also United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008). Indeed, "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *Hagerman*, 545 F.3d at 581–82. Here, Mr. Pautsch, as a representative Appellant, is not an attorney, and cannot represent Appellant in federal court, regardless of his role as its sole member.

Moreover, there is no genuine difficulty or honest mistake in identifying the real party in interest here. The only proofs of claim at issue were filed by Appellant, not by Mr. Pautsch in his individual capacity. Mr. Pautsch signed each of Appellants' proofs of claim solely as "Principal" of Appellant, and he did not file any proof of claim in his own name or assert any individual interest in the underlying claims. The real party in interest is—and has always been—Appellant, THE G.O.A.T. MEDIA, LLC. Substituting Mr. Pautsch for Appellant would not be a "merely formal" change—it would fundamentally alter the identity of the party prosecuting this appeal and would effectively allow Mr. Pautsch to litigate Appellant's claims *pro se* in contravention of settled law. Federal courts do not permit litigants to accomplish indirectly—through assignments, substitutions, or other procedural devices—what federal law forbids directly. *See Jones v. Niagara*

6

*Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983); *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 20 (S.D.N.Y. 1974) (holding that permitting a lay individual to appear pro se on behalf of a corporate entity would allow him "to flout a well-established and purposeful public policy by means of a procedural device"), *aff'd mem.*, 508 F.2d 837 (2d Cir. 1974).  Accordingly, the Motion to Substitute will be denied.

Finally, this Court advised Appellant of the counsel requirement on February 9, 2026, and then extended the deadline for compliance, allowing Appellant two additional months.  Even weeks after the Extended Deadline, the docket reflects no appearance of counsel.  Appellant has had more than adequate time to obtain counsel in this matter.  Accordingly, the appeal will be dismissed.

May 13, 2026

_____
CHIEF JUDGE

7